UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALLEGANY CO-OP INSURANCE
COMPANY a/s/o Dimora Properties LTD.,

               Plaintiff,

                                       **Hon. Hugh B. Scott**

             v.                             09CV626A

                                      **Report**
                                        **&**
                                 **Recommendation**

DOMINIC DIMORA,

               Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C). The instant matter before the Court is defendant's motion for summary judgment (Docket No. 5[1]). Responses to this motion were due by September 11, 2009, and any replies by September 25, 2009 (Docket No. 9), and the case was argued on October 1, 2009, and the Court reserved decision (Docket Nos. 13 (amended briefing scheduling Order), 19 (minutes); see Docket No. 12 (initial briefing schedule)).

---

[1] In support of this motion, defendant submits his statement of material facts, Docket No. 5; his memorandum of law, Docket No. 6; his attorney's affidavit (with exhibits), Docket No. 7; his own affidavit with exhibit (the policy at issue), Docket No. 10, Ex. A; and a reply memorandum of law, Docket No. 17.
     In opposition, plaintiff submits its attorney's affidavit, Docket No. 14; its memorandum of law, Docket No. 15; and its counterstatement of facts in dispute, Docket No. 16.

## BACKGROUND

This is a removed action based upon diversity jurisdiction[2] seeking subrogation under an insurance policy issued by plaintiff (in effect, requiring this Court to construe that policy under New York law). The underlying claim arises from a fire of property owned by insured Dimora Properties LTD. Defendant is a partner in Dimora Properties. (See Docket No. 1, Notice of Removal.) Plaintiff insurance company seeks to recover from defendant the amount it was caused to pay Dimora Properties due to the intentional actions of defendant, allegedly acting outside of the scope of his partnership (id., Ex., Compl. ¶¶ 9-12). The state court Summons and Complaint was filed in Allegany County, New York, Clerk on May 29, 2009 and defendant filed the Notice of Removal (Docket No. 1).

Defendant moves for summary judgment dismissing the Complaint (Docket No. 5). According to defendant's statement of material facts not disputed by plaintiff (compare Docket No. 5, Def. Statement of Material Facts with Docket No. 16, Pl. Counterstatement), on June 2, 2008, a fire destroyed the premises owned by Dimora Properties, located at 6500 Sandlewood Lane, Mayville, New York. Plaintiff insured the subject property and paid Dimora Properties $122,869.75 for the loss pursuant to the insurance policy. At the time of the loss, defendant was a partner in Dimora Properties. As subrogee of Dimora Properties, plaintiff seeks to recover from defendant the $122,869.75 plaintiff paid on the loss based on his alleged intentional act of causing the fire on the subject property. (Docket No. 5, Def. Statement of Material Facts A.-D.)

---

[2]Plaintiff is a corporation with its principal place of business in New York and defendant is a resident of Ohio, Docket No. 1, Notice of Removal ¶ 3.

What is in dispute here is whether plaintiff was obligated to pay that claim despite an exclusion in plaintiff's policy based on a loss caused or resulting from any dishonest or criminal act by insured's partners, employees, directors, or other authorized representative. Defendant argues that the exclusion applies (see id. E.), while plaintiff contends that this is a legal conclusion (Docket No. 16, Pl. Counterstatement E.) and argues that plaintiff did not make a voluntary payment to Dimora Properties and, under New York law and the terms of the insurance policy, insurers of fire loss may seek subrogation against a partner of the innocent insured (Docket No. 15, Pl. Memo. at second unnumbered page).

Defendant argues that, based upon the allegations in the Complaint that defendant was a principal of Dimora Properties and that he caused the fire loss and was liable to plaintiff, plaintiff had no obligation to pay Dimora Properties because of the exclusion for loss caused directly or indirectly from the dishonest or criminal acts of the insured, its partners or other representatives (Docket No. 10, Def. Aff., Ex. A, part 2, at page 4). Defendant concludes that plaintiff's payment was gratuitous and not subject to subrogation. (Docket No. 6, Def. Memo.)

## DISCUSSION

I. Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the

evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56.1(a), (b). The movant is to submit facts in which there is no genuine issue, id. R. 56.1(a), while the opponent submits a statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56.1(b). "Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, as required by Federal Rule of Civil Procedure 56(e)," with citations identifying "with specificity" the relevant page or paragraph of the cited authority, id. R. 56.1(d). All material facts stated in movant's statement that are not controverted by opponent's counter-statement shall be deemed admitted, id. R. 56.1(c). The

4

purpose of these statements, and the appendix of supporting evidence, id. R. 56.1(d), is to summarize and highlight for the Court the material factual issues, the authority in the evidentiary record for the purported facts, and whether the parties believe they are in dispute.

II.     Choice of Law

In this removed diversity action, it is uncontested that New York substantive law is applicable, see Johnson v. The Bon-Ton Dep't Stores, No. 05CV170, 2006 U.S. Dist. LEXIS 75671, at *9-11 (W.D.N.Y. Oct. 16, 2006) (Scott, Mag. J.) (applying New York law to accident in this district involving New York plaintiff and Pennsylvania retailer defendant).

III.    Application

The standard fire insurance policy is codified in New York Insurance Law § 3404(e), with any policy insuring fire in this state it "must incorporate 'terms and provisions no less favorable to the insured than those contained in the [standard policy],'" Lane v. Security Mut. Ins. Co., 96 N.Y.2d 1, 5, 724 N.Y.S.2d 670, 671 (2001) (quoting N.Y. Ins. Law § 3404(f)(1)(A)). The minimum level of coverage recognized in Lane is an exclusion for the hazard increased by the insured "by any means within the control or knowledge of the insured," id., 96 N.Y.2d at 5, 724 N.Y.S.2d at 671, which the Court of Appeals has construed to exclude the innocent insured, id., 96 N.Y.2d at 5-6, 724 N.Y.S.2d at 671-72 (distinguishing "an insured" in defendant's policy from "the insured" in Insurance Law § 3404).

The issue here is whether the innocent insured doctrine applies here to allow insurer subrogation by plaintiff. The parties cite two New York State Court of Appeals cases as creating and applying the innocent insured doctrine, Lane, supra, 96 N.Y.2d 1, 724 N.Y.S.2d 670; Reed v.

Federal Ins. Co., 71 N.Y.2d 581, 528 N.Y.S.2d 355 (1988) (see Docket No. 15, Pl. Memo. at third unnumbered page; Docket No. 16, Def. Reply Memo. at 1-2).

Plaintiff argues that New York Insurance Law § 3404 required it to pay the insurance proceeds to the named insured Dimora Properties notwithstanding the exclusion in the policy against intentional acts, thus its payment was not gratuitous or voluntary (Docket No. 15, Pl. Memo. at fifth unnumbered page) because Dimora Properties should be considered the innocent insured entitled to these proceeds even though one of its partners started the fire (id. at fourth and fifth unnumbered pages, citing Hartford Fire Ins. Co. v. Advocate, 162 A.D.2d 20, 560 N.Y.S.2d 331 (2d Dep't 1990), rev'd on other grounds, 78 N.Y.2d 1038, 576 N.Y.S.2d 80 (1991) (reversing on statute of limitations grounds)). During oral argument, plaintiff emphasized another provision of the policy that defined "insured" as not only the corporate entity but also any partner in the partnership if the insured was a partnership (see Docket No. 10, Def. Aff. Ex. A, part 6).

Defendant counters that the provisions cited by plaintiff in oral argument apply only to premises liability coverage and not to fire coverage at issue here. The only insured under the fire policy is the partnership Dimora Properties and not any partner within that partnership. He also argues that the innocent co-insured doctrine is not applicable here because the cases that apply this doctrine involve multiple insureds while here only the partnership (and not its individual partners) is an insured (Docket No. 17, Def. Reply Memo. at 1-2, 3; see Docket No. 10, Def. Aff., Ex. A, part 1, page 2 of 7 (policy declaration naming Dimora Properties as policy holder), part 2, page 1 of 5 (general policy provisions)). He reiterates that the policy exclusion against

6

intentional acts should have precluded payment of this claim and hence any subrogation rights of plaintiff insurer (Docket No. 16, Def. Reply Memo. at 3).

Reed involved a suspected arson loss. Plaintiff's father (and former owner of property) allegedly set the fire that plaintiff insured sought coverage for. Both the plaintiff and her father we coinsureds on the policy. 71 N.Y.2d at 584, 528 N.Y.S.2d at 355. The Court of Appeals there held that plaintiff was an innocent insured and was entitled to the insurance proceeds despite her "unity of interest" with her father and the exclusion against intentional acts in the policy, id., 71 N.Y.2d at 583, 528 N.Y.S.2d at 355. The issue in Reed was whether the father's misconduct, "which would defeat recovery if he alone were the named insured, should be imputed to coinsured, his daughter," 71 N.Y.2d at 586, 528 N.Y.S.2d at 357. Lane extended this concept to innocent landowner where her resident seventeen year old son intentionally set the fire, 96 N.Y.2d at 4, 724 N.Y.S.2d at 671. Included as insured under that policy was the insured and relatives who reside with the insured (including the seventeen year old), id. There, the court held that a policy exclusion for an intentional fire set by an "insured," defined in the policy to include residents in the household and relatives of the insured, violated Insurance Law § 3404 when applied to exclude coverage for the innocent insured, id., 96 N.Y.2d at 4, 5, 724 N.Y.S.2d at 670, 671.

The fact that one party here is identified as the insured is not material for the innocent insured doctrine. The question becomes whether the insured, here a corporate entity that can only act through its principals, acted to preclude coverage (and by extension subrogation). The fire insurance policy here expressly excluded coverage for dishonest or criminal acts by the insured or its partners to eliminate coverage where a partner or principal of the corporate entity

7

acts, while the policy itself only named the partnership as the insured. Thus, plaintiff was excluding risks caused by the insured and its principals.

The Court of Appeals in Reed rejected the defense analogy of recovery by corporate entities where a corporate agent caused the harm and would become a beneficiary of any recovery, Reed, supra, 71 N.Y.2d at 586-87, 528 N.Y.S.2d at 357; see Advocate, supra, 162 A.D.2d at 25, 560 N.Y.S.2d at 334, holding that the innocent coinsured is applicable since both parties there were adults (albeit closely related), Reed, supra, 71 N.Y.2d at 587, 528 N.Y.S.2d at 357. Similarly in Lane, natural persons were involved and not a corporate entity, 96 N.Y.2d at 4, 724 N.Y.S.2d at 671.

At issue here the partnership is the insured and the alleged wrongdoer is a principal of the partnership. One case cited by plaintiff involving corporate entity is the Appellate Division's decision in Advocate, 162 A.D.2d 20, 560 N.Y.S.2d 331, which held that the innocent coinsured doctrine applied to allow the partnership to recoup from the policy despite the arson by the partner in that firm, but that decision was reversed on statute of limitations grounds by the Court of Appeals. The Court of Appeals expressly stated that it was not addressing the substantive merits pertinent to this case, 78 N.Y.2d 1038, 1040, 576 N.Y.S.2d 80, 81 (1991). The Second Department found there that defendant partner was not acting as an agent of the partnership when he procured the fire, hence making the partnership the innocent insured, Advocate, supra, 162 A.D.2d at 25, 560 N.Y.S.2d at 334. Defendant argues that it has no precedential value since it was reversed and, if considered even persuasive, it is wrongly decided on New York partnership law (Docket No. 17, Def. Reply Memo. at 4), arguing that the partnership in that case (as here) could never be the innocent insured because it acts exclusively through its partners (id. at 4-5).

8

As a matter of New York appellate practice, the effect of a reversal of an Appellate Division decision by the New York Court of Appeals is to not only vacate that lower court determination but "'to erase the whole case from the books,'" In re Park East Corp. v. Whalen, 43 N.Y.2d 735, 736, 401 N.Y.S.2d 791, 791 (1977) (per curiam) (quoting Henry Cohen & Arthur Karger, Powers of the New York Court of Appeals 420 (rev. ed. 1997)); see Schimel v. Berkun, 264 A.D.2d 725, 728, 696 N.Y.S.2d 49, 52 (2d Dep't 1999). Thus, Advocate as precedent no longer exists, even though the Court of Appeals expressly did not reach the merits decided initially by the Second Department. This Court need not reach whether the Second Department's holdings on New York partnership law is accurate.

The case at bar is the analogy avoided in Reed of the corporate insured where coverage is barred when its agents are the cause of the underlying loss, see Reed, supra, 71 N.Y.2d at 586-87, 528 N.Y.S.2d at 357 (citations omitted). Knowledge of the insured cannot be readily separated from that of its partners. Thus, as defendant contends (see Docket No. 17, Def. Reply Memo. at 4-5), there cannot be an innocent insured when the insured is a partnership. Defendant's motion for summary judgment dismissing this action should be **granted**.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion for summary judgment (Docket No. 5) be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                                 /s/ Hugh B. Scott
                                                 Hon. Hugh B. Scott
                                               United States Magistrate Judge

Dated: Buffalo, New York
      October 15, 2009